OPINION OF THE COURT
Norman R. Roskin, J.
The respondent tenant moves this court, pursuant to subdivision 1 of section 731 of the Real Property Actions and Proceedings Law, for an order dismissing the within summary proceeding as jurisdictionally defective and for attorney’s fees. The basis of respondent’s motion is that the notice of petition was issued by petitioner herein, David E. Davis as president of the petitioner landlord, in contravention of subdivision 1 of section 731 of the Real Property Actions and Proceedings Law.
The petitioner landlord’s contention is that the petition was issued by the attorneys for said landlord. That that signature of the president of petitioner landlord is superfluous. The sole question at bar is does the fact that petitioner’s signing the *279 notice of petition constitute the legal effect that he issued the same.
Apparently a local court in the case cited by respondent deemed that it does.
The court herein is constrained to agree with the tenant, based on the argument that the one who signs the legal process issues it. In the court’s opinion we cannot use the everyday meaning of "issue”. It appears that respondent is correct in the argument and analogy that a warrant of eviction can only be issued by the court, and that it is issued when signed by the court.
Accordingly, respondent’s motion is granted, without prejudice as to the dismissal of the notice of petition herein dated May 15, 1979, in that it is not in conformity with subdivision 1 of section 731 of the Real Property Actions and Proceedings Law. Therefore, it is jurisdictionally defective.
However, the court denies respondent tenant’s application for attorney’s fees, as being without merit. Petitioner landlord may commence another proceeding for the requested relief if the May, 1979 rent remains unpaid.