OPINION OF THE COURT
Thomas C. Walsh, J.
By notice of petition and petition duly served upon the respondent, petitioner has commenced a summary proceeding under RPAPL article 7 based upon an alleged failure to pay rent. The notice of petition was signed by the petitioner personally with his name printed beneath. Thereafter, an indorsement appeared with the name of petitioner’s attorneys and their address and telephone number.
Upon the return date, the attorneys for the respondent orally moved the court to dismiss the petition for lack of jurisdiction and presented an affidavit in support of the same (the court, being concerned with the merits of the case, does not comment here upon respondent’s attorneys’ procedures on motion practice under CPLR 2214).
The basis for the motion is found in the language of RPAPL 731, which states “[a] notice of petition may be issued only by an attorney” (emphasis added) and cites the case of Grove St. Realty v Testa (100 Misc 2d 278). This case held that by “signing” the notice of petition, the petitioner had “issued” the same and that therefore the court lacked jurisdiction. The proceeding was dismissed without prejudice. This court takes exception to that decision, based upon its findings as to the definition of the term “issue”.
*872 The term is not defined in the RPAPL so the court turns to the CPLR, for under section 101 thereof, all proceedings and actions shall be governed thereunder. CPLR 105 (b) defines “summons” to include “notice of petition”.
CPLR 304 provides the method for commencing an action or special proceeding by service of a summons or notice. “The plaintiff’s [petitioner’s] attorney issues and signs the summons in New York, and his doing so makes it official process of the court” (Siegel, NY Prac § 60, at 61). Under prior civil procedure, subscription itself was a statutory requirement (L 1909, ch 570, § 23-a, as amended by L 1929, ch 530).
With the adoption, however, of the CPLR, 2101 (d), forms of papers, indorsement by attorneys, came into effect. The Practice Commentaries in McKinney’s for this subdivision state “The indorsement, rather than the subscription, of papers by an attorney is sufficient.” (McLaughlin, McKinney’s Cons Laws of NY, Book 7B, CPLR C2101:4, p 527.) One need only review form 1 of the Judicial Conference’s official forms, the summons, which clearly shows that the indorsement of the attorney is all that is necessary.
Since the notice of petition in this case contained an indorsement for the attorneys for the petitioner, it has therefore been issued by them and is the official process of the court. Jurisdiction of the respondent has been obtained.
Accordingly, the motion is denied and a hearing will be scheduled.