■ YELLOW BOOK OF NEW YORK, INC., Respondent, v HERMAN WEISS et al., Appellants. [843 NYS2d 190]—

In an action, inter alia, to recover damages for breach of contract, the defendants Herman Weiss, Moshe Weiss, and All Occasions Party and Tent Rentals, Inc., appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated November 6, 2006, which denied the motion of the defendant All Occasions Party and Tent Rentals, Inc., pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court entered July 26, 2006, upon its default in answering the complaint.

Ordered that the appeals by the defendants Herman Weiss and Moshe Weiss are dismissed, as they are not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed, with costs; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To vacate a judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1), the defendant All Occasions Party and Tent Rentals, Inc. (hereinafter the corporate defendant), was required to demonstrate both a reasonable excuse for its default and the existence of a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Taylor v Saal, 4 AD3d 467 [2004]; Dominguez v Carioscia, 1 AD3d 396 [2003]; Kaplinsky v Mazor, 307 AD2d 916 [2003]). Under the circumstances of this case, the corporate defendant's failure to receive copies of the summons and complaint which had been served upon the Secretary of State was due to its unexplained failure to keep a current address on file with the Secretary of State, and did not constitute a reasonable excuse for its delay in appearing and answering the complaint (see Franklin v 172 Aububon Corp., 32 AD3d 454 [2006]; Santiago v Sansue Realty Corp., 243 AD2d 622, 623 [1997]; Lawrence v Esplanade Gardens, 213 AD2d 216 [1995]; Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621 [1987]). Furthermore, the corporate defendant was not entitled to vacate its default pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 138; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497, 498 [1992]), since it failed to demonstrate that it did not personally receive notice of the summons and complaint in time to defend the action (see Levine v Forgotson's Cent. Auto & Elec., Inc., 41 AD3d 552 [2007]; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447 [2005]; 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; Waldon v Plotkin, 303 AD2d 581 [2003]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.