In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so *1107 much of an order of the Supreme Court, Suffolk County (Molla, J.), dated December 13, 2011, as denied that branch of his motion which was, in effect, for leave to enter judgment against the defendant on the issue of liability upon the defendant’s failure to serve a timely answer, and granted that branch of the defendant’s cross motion which was pursuant to CPLR 3012 (d) to compel the plaintiff to accept late service of his answer.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was, in effect, for leave to enter judgment against the defendant on the issue of liability, and in granting the defendant’s cross motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept late service of his answer. The defendant demonstrated both a reasonable excuse for his default in failing to serve a timely answer and the existence of a potentially meritorious defense to the action (see Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695, 696 [2011]; Methal v City of New York, 50 AD3d 654, 655-656 [2008]; Cooney v Cambridge Mgt. & Realty Corp., 35 AD3d 522, 523 [2006]; A & C Constr. Inc. of N.Y. v Flanagan, 34 AD3d 510 [2006]). Moreover, the plaintiff was not prejudiced by the brief 11-day delay involved in this case, and public policy favors the resolution of cases on their merits (see Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d 751, 752 [2012]; Zeccola & Selinger, LLC v Horowitz, 88 AD3d 992, 993 [2011]; Zanelli v JMM Raceway, LLC, 83 AD3d 697 [2011]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d at 697; Feder v Eline Capital Corp., 80 AD3d 554, 555 [2011]). Rivera, J.P, Eng, Chambers, Sgroi and Miller, JJ., concur.