*788 A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Clover M. Barrett, P.C. v Gordon, 90 AD3d 973 [2011]; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628 [2010]). The motion must be “made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party” (CPLR 5015 [a] [1]). Here, the defendant’s motion to vacate its default pursuant to CPLR 5015 (a) (1) was untimely since it was not made within one year after a copy of the interlocutory judgment of partition and sale (hereinafter the judgment), with notice of its entry, was served upon it (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 744 [2011]; Matter of Weintrob v Weintrob, 87 AD3d 749, 750 [2011]). In any event, the defendant failed to establish a reasonable excuse for its default. “If the [defendant] failed to actually receive a copy of the summons and complaint from the Secretary of State due to a change of address, it was due to its own fault as it failed to keep the Secretary of State advised [of] its current address for the forwarding of process” (Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894 [2006]; see Castle v Avanti, Ltd., 86 AD3d 531 [2011]; Yellow Book of N.Y., Inc. v Weiss, 44 AD3d 755, 756 [2007]; Santiago v Sansue Realty Corp., 243 AD2d 622, 623 [1997]). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was to vacate the judgment pursuant to CPLR 5015 (a) (1).
The Supreme Court also properly denied that branch of the defendant’s motion which was to vacate the judgment pursuant to CPLR 5015 (a) (3), as the defendant failed to establish that the judgment was procured as a result of fraud, misrepresentation, or other improper conduct (see Ferdico v Zweig, 82 AD3d 1151, 1153 [2011]). Angiolillo, J.E, Florio, Belen and Roman, JJ., concur.