■ Nancy Blake, Appellant, v United States of America, Respondent. [970 NYS2d 465]—

In an action pursuant to RPAPL article 15 for the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered April 1, 2011, which denied her motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant upon the defendant's default in timely answering the complaint, and thereupon deemed the defendant's answer to be timely served.

Ordered that the order is affirmed, with costs.

"To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense" (*Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *see Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]; *HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]). In its discretion, the court may accept law office failure as an excuse (*see* CPLR 2005; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Papandrea v Acevedo*, 54 AD3d 915, 916 [2008]; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511 [2007]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]). The claim of law office failure should, however, be supported by a "detailed and credible" explanation of the default or defaults at issue (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]). Law office failure should not be excused where allegations of law office failure are conclusory and unsubstantiated (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789-790 [2011]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783, 784 [2008]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]).

The Supreme Court providently exercised its discretion in accepting the defendant's excuse of law office failure, as the defendant provided detailed affidavits of personnel explaining the delay in timely serving an answer. Moreover, contrary to the plaintiff's contention, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (*see Matter of Feinberg*, 18 NY2d 499 [1966]; *see generally Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040 [2009]). Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter a judgment of default against the defendant.

Under the circumstances presented here, the Supreme Court providently exercised its discretion in deeming the defendant's answer, which was annexed to its opposition papers to the plaintiff's motion, to be served, even in the absence of a formal notice of cross motion seeking leave to serve a late answer (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56 [2013]; *Fugazy v Fugazy*, 44 AD3d 613, 614 [2007]; *Wechsler v People*, 13 AD3d 941, 942 [2004]; *Tulley v Straus*, 265 AD2d 399, 401 [1999]; *Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.*, 178 AD2d 871, 872-873 [1991]; *Catania v Lippman*, 98 AD2d 826, 826-827 [1983]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.