█ RICHARD S. GERSHMAN et al., Appellants, v MIDTOWN MOVING & STORAGE, INC., Respondent. [999 NYS2d 485]—

In an action to recover damages for conversion, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 22, 2014, which denied their motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant upon its failure to appear or answer, and granted the defendant's cross application for leave to serve a late answer.

Ordered that on the Court's own motion, the appeal from so much of the order as granted the defendant's cross application for leave to serve a late answer is deemed to be an application for leave to appeal, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Contrary to the plaintiffs' contention, in opposing the plaintiffs' motion for default judgment, the defendant appeared by an attorney in this action. The defendant's papers in opposition to the plaintiffs' motion were indorsed by the law firm representing the defendant and signed by a member attorney of that law firm pursuant to 22 NYCRR 130-1.1 (a) (*see* CPLR 2101 [d]; *Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP*, 93 AD3d 452, 453 [2012]; *Parker v Paton Assoc. Inc. of Amsterdam*, 128 Misc 2d 871, 872 [1985]).

To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its default and the existence of a potentially meritorious defense (*see Blake v United States of Am.*, 109 AD3d 504, 505 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]). Here, in opposition to the plaintiffs' motion, the defendant failed to demonstrate a reasonable excuse for its default (*see generally* CPLR 5015 [a] [1]; *Blake v United States of Am.*, 109 AD3d at 505; *Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]; *Wassertheil v Elburg, LLC*, 94 AD3d at 753). The defendant did not adequately explain the failure to file with the Secretary of State the current address of the agent designated to receive process on its behalf (*see Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]; *Yellow Book of N.Y., Inc. v Weiss*, 44 AD3d 755, 756 [2007]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454, 454-455 [2006]).

Although the defendant did not cite to CPLR 317 in opposition to the plaintiffs' motion, under the circumstances of this case, this Court may consider CPLR 317 as a basis for vacating the default (*see* CPLR 2001; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]; *Brickhouse Masonry, LLC v Windward Bldrs., Inc.*, 101 AD3d 919, 920 [2012]; *Brac Constr. Corp. v Di-Com Corp.*, 51 AD2d 740, 740 [1976]). CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Reyes v DCH Mgt., Inc.*, 56 AD3d 644 [2008]). Here, the record reveals that neither the defendant nor its agent received actual notice of the summons, which was delivered to the Secretary of State, in time to defend itself against this action (*see Fleisher v Kaba*, 78 AD3d at 1119; *Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410, 411 [2006]). There is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service of process, especially since the plaintiffs had knowledge of the defendant's actual business address (*see Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]; *Stein v Matarasso & Co.*, 143 AD2d 825, 826 [1988]). In addition, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (*see Blake v United States of Am.*, 109 AD3d at 505). Accordingly, the Supreme Court properly denied the

plaintiffs' motion for leave to enter a default judgment against the defendant.

Under the circumstances presented here, the Supreme Court providently exercised its discretion in granting the defendant's cross application for leave to serve a late answer, even in the absence of a formal notice of cross motion seeking that relief (*see id.*; *Fried v Jacob Holding, Inc.*, 110 AD3d 56 [2013]). Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.