■ HSBC Bank USA, N.A., Appellant, v Norma Wright, Respondent, et al., Defendants. [12 NYS3d 547]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 21, 2013, which denied its motion, in effect, for leave to enter a default judgment against the defendant Norma Wright and to reinstate an order of reference of the same court dated July 12, 2010, inter alia, appointing a referee to compute the amount due and owing to the plaintiff.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, in effect, for leave to enter a default judgment against the defendant Norma Wright and to reinstate the order of reference dated July 12, 2010, is granted.

The plaintiff commenced this action to foreclose a mortgage. After Norma Wright, the mortgagor, failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment and for an order of reference. The Supreme Court granted the motion in an order of reference dated July 12, 2010. In an order dated June 14, 2012, the Supreme Court granted those branches of Wright's motion which were, in effect, to vacate the order of reference and for leave to serve a late answer, and directed Wright to serve an answer within 30 days. After Wright again failed to serve an answer, by notice of motion dated August 1, 2013, the plaintiff moved, in effect, for leave to enter a default judgment against Wright and to reinstate the order of reference dated July 12, 2010.

To successfully oppose the plaintiff's motion, Wright was required to demonstrate a reasonable excuse for her default in serving an answer as directed by the Supreme Court in the order dated June 14, 2012, as well as the existence of a potentially meritorious defense to the action (*see Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974, 975 [2014]; *Farrell Forwarding Co., Inc. v Alison Transp., Inc.*, 119 AD3d 891, 892 [2014]; *Blake v United States of Am.*, 109 AD3d 504, 505 [2013]). Since Wright failed to demonstrate a reasonable excuse for her default or the existence of a potentially meritorious defense to the action, the Supreme Court should have granted the plaintiff's motion. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.