■ MIRIAM BOOSO, Appellant, v TAUSIK BROTHERS, LLC, Respondent. [49 NYS3d 311]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated August 4, 2015, which granted the defendant's motion pursuant to CPLR 317 to vacate a judgment entered upon its failure to appear.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 317, a defaulting defendant who was "served with a summons other than by personal delivery" may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975 [2014]). A defendant need not, under CPLR 317, establish a reasonable excuse for the default (see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d at 141-142; Li Xian v Tat Lee Supplies Co., Inc., 126 AD3d 424, 425 [2015]).

Here, the record reveals that neither the defendant nor its agent received actual notice of the summons, which was delivered to the Secretary of State, in time for the defendant to defend itself against this action (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Moreover, there is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service of process (see Samet v Bedford Flushing Holding Corp., 299 AD2d 404, 405 [2002]). In addition, through the submission of an affidavit of the superintendent of the property, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975; cf. Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922 [2012]). Finally, the plaintiff's contention that the defendant's motion was not timely is without merit (see Olivaria v Lin & Son Realty Corp., 84 AD3d 423, 425 [2011]). Accordingly, the Supreme Court providently exercised its discretion in

granting the defendant's motion pursuant to CPLR 317 to vacate the judgment entered on its default. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.