Kircher v William Penn Life Ins. Co. of N.Y. (2018 NY Slip Op 07295)





Kircher v William Penn Life Ins. Co. of N.Y.


2018 NY Slip Op 07295


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06091
 (Index No. 606361/16)

[*1]Michele Kircher, etc., appellant, 
v
William Penn Life Insurance Company of New York, respondent.


Gisonni Law Firm, P.C., Huntington, NY (Eve-Lynn Gisonni of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Robert D. Meade of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover the proceeds of a life insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated May 1, 2017. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
In March 2013, the plaintiff's husband obtained a life insurance policy from the defendant naming the plaintiff as the primary beneficiary. The plaintiff's husband died in June 2013, and the plaintiff made a claim for the proceeds of the policy. The defendant denied the claim on the ground that the decedent did not comply with the terms of the policy application by failing to inform the defendant of changes in his health while his application was pending. In April 2016, the plaintiff commenced this action, inter alia, to recover the proceeds of the policy. Thereafter, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint. The defendant opposed the motion. In the order appealed from, the Supreme Court denied the plaintiff's motion on the ground that the defendant did not receive proper service of the summons and complaint. We affirm, albeit on a different ground than that relied upon by the Supreme Court.
"On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default" (Triangle Props. # 2, LLC v Narang, 73 AD3d 1030, 1032; see CPLR 3215[f]; Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC, 65 AD3d 1102). Here, the plaintiff submitted proof that it properly effected service of process upon the defendant pursuant to Insurance Law § 1212 by delivering a copy of the summons and complaint to the Superintendent of Insurance (see Insurance Law § 1212[a]). The plaintiff also submitted proof of the facts constituting the claim and proof of the defendant's default in appearing or answering the complaint. Thus, the plaintiff established her entitlement to enter a default judgment against the defendant (see Seidler v Knopf, 153 AD3d 874, 875; Cruz v Keter Residence, LLC, 115 AD3d 700).
However, in opposition, the defendant established its entitlement to relief from its default under CPLR 317. "Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery' may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108, quoting CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). There is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay (see Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d at 141; Booso v Tausik Bros., LLC, 148 AD3d at 1108; see also Samet v Bedford Flushing Holding Corp., 299 AD2d 404, 405). Here, the defendant met its burden of showing that it did not receive actual notice of the summons, which was delivered to the Superintendent of Insurance, in time to defend itself against this action (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975; Ferguson v Shu Ham Lam, 59 AD3d 387, 388; Hospital for Joint Diseases v Lincoln Gen. Ins. Co., 55 AD3d 543, 544). Moreover, there is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service of process (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975; Samet v Bedford Flushing Holding Corp., 299 AD2d at 405). Furthermore, the defendant met its burden of demonstrating the existence of a potentially meritorious defense.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for leave to enter a default judgment against the defendant.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court