Wise v Classon Vil., L.P. (2019 NY Slip Op 04227)





Wise v Classon Vil., L.P.


2019 NY Slip Op 04227


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03176 
2018-03178
 (Index No. 505100/15)

[*1]Vanessa Wise, respondent, 
v
Classon Village, L.P., appellant, et al., defendants.


Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark A. Berman and William A. Jaskola of counsel), for appellant.
Peter A. Frankel, New York, NY (Meta S. Goldman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Classon Village, L.P., appeals from (1) a judgment of the Supreme Court, Kings County (Paul Wooten, J.), dated August 3, 2017, and (2) an order of the same court dated January 8, 2018. The judgment, upon an order of the same court dated October 27, 2016, inter alia, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant Classon Village, L.P., upon its failure to answer or appear, and upon an inquest, is in favor of the plaintiff and against that defendant in the principal sum of $200,000. The order dated January 8, 2018, denied that defendant's motion, inter alia, pursuant to CPLR 317 and 5015(a)(1) to vacate the order dated October 27, 2016.
ORDERED that the appeal from the judgment is dismissed; and it is further,
ORDERED that the order dated January 8, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2014, the plaintiff allegedly sustained personal injuries resulting from a ceiling collapse in her Brooklyn apartment (hereinafter the premises). In April 2015, the plaintiff commenced this action against, among others, the owner of the premises at the time of her accident, the defendant Classon Village, L.P. (hereinafter Classon Village). The plaintiff served Classon Village pursuant to Partnership Law § 121-109(a)(1), by delivering a copy of the summons and verified complaint to the Office of the Secretary of State. Classon Village failed to answer or appear. The plaintiff subsequently moved, without opposition, inter alia, for leave to enter a default judgment against Classon Village, and the motion was granted in an order dated October 27, 2016. After an inquest, a judgment dated August 3, 2017, was entered in favor of the plaintiff and against Classon Village in the principal sum of $200,000. Classon Village subsequently moved, inter alia, pursuant to CPLR 317 and 5015(a)(1) to vacate its default. The plaintiff opposed the motion. The Supreme Court denied the motion, and Classon Village appeals from the default judgment and the order denying its motion to vacate the default.
The appeal from the judgment must be dismissed, as Classon Village did not oppose [*2]the plaintiff's motion for leave to enter a default judgment against it, and no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Gervais, 168 AD3d 692; Bottini v Bottini, 164 AD3d 556, 558).
Pursuant to CPLR 317, a defaulting defendant who was "served with a summons other than by personal delivery" may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Here, contrary to the Supreme Court's determination, Classon Village demonstrated that it did not receive actual notice of the summons in time for it to defend itself in this action through its submission of a sworn affidavit and documentary proof that the copy of the summons and complaint which the plaintiff attempted to serve on it was returned as undeliverable (see Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d 1241, 1243; Booso v Tausik Bros., LLC, 148 AD3d at 1108; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Moreover, there is no basis in the record to conclude that Classon Village deliberately attempted to avoid service (see Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d at 1243; Booso v Tausik Bros., LLC, 148 AD3d at 1108).
However, Classon Village failed to establish a potentially meritorious defense, as its moving papers contained conclusory and hearsay assertions, without any evidentiary support, in response to the plaintiff's claims (see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 938-939; John v Rikud Realty, Inc., 149 AD3d 707, 709; New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa., 16 AD3d 391, 392; Peacock v Kalikow, 239 AD2d 188, 190; Reilly-Whiteman, Inc. v Cherry Hill Textiles, 191 AD2d 486, 487). Accordingly, Classon Village was not entitled to vacatur of its default pursuant to CPLR 317.
Likewise, the failure of Classon Village to set forth a potentially meritorious defense also precluded a vacatur of its default pursuant to CPLR 5015(a)(1), which requires that the defaulting party demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788). In any event, Classon Village failed to demonstrate a reasonable excuse for its default, as it did not adequately explain its failure to advise the Secretary of State of its new address for the service of process (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975; Sussman v Jo-Sta Realty Corp., 99 AD3d at 788; Yellow Book of N.Y., Inc. v Weiss, 44 AD3d 755, 756).
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court