Argonne Post No. 71, Am. Legion, Inc. v Lipschitz (2019 NY Slip Op 06581)





Argonne Post No. 71, Am. Legion, Inc. v Lipschitz


2019 NY Slip Op 06581


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-09105
2018-09106
 (Index No. 107/17)

[*1]Argonne Post No. 71, American Legion, Inc., respondent, 
v
Ronald A. Lipschitz, et al., defendants, Hilltop Sport and Conservation, Inc., appellant.


William J. Florence, Jr., Peekskill, NY (Richard O'Keeffe of counsel), for appellant.
The Law Firm of William G. Sayegh, P.C., Carmel, NY (Michael B. Karlsson II of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside or rescind a deed, the defendant Hilltop Sport and Conservation, Inc., appeals from (1) a judgment of the Supreme Court, Putnam County (Janet C. Malone, J.), entered April 19, 2018, and (2) an order of the same court dated May 9, 2018. The judgment, upon an order dated January 31, 2018, inter alia, granting the plaintiff's motion for leave to enter a default judgment against the defendant Hilltop Sport and Conservation, Inc., and, in effect, denying that defendant's application for leave to serve a late answer, is in favor of the plaintiff and against the defendant Hilltop Sport and Conservation, Inc., setting aside and rescinding the subject deed. The order dated May 9, 2018, denied the motion of the defendant Hilltop Sport and Conservation, Inc., for leave to reargue and renew its opposition to the plaintiff's motion for leave to enter a default judgment and its application for leave to serve a late answer.
ORDERED that the appeal from the judgment is dismissed; and it is further,
ORDERED that the appeal from so much of the order dated May 9, 2018, as denied that branch of the motion of the defendant Hilltop Sport and Conservation, Inc., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 9, 2018, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the motion of the defendant Hilltop Sport and Conservation, Inc., which was for leave to renew is granted, upon renewal, the order dated January 31, 2018, is vacated, the plaintiff's motion for leave to enter a default judgment against the defendant Hilltop Sport and Conservation, Inc., is denied, that defendant's application for leave to serve a late answer is granted, and the judgment entered April 19, 2018, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Hilltop Sport and Conservation, Inc.
The appeal from the judgment entered April 19, 2018, must be dismissed as academic [*2]in light of our determination on the appeal from the order dated May 9, 2018.
On February 3, 2017, the plaintiff commenced this action, inter alia, to set aside or rescind a deed allegedly executed by its Post Commander, the defendant Ronald Lipschitz, conveying the plaintiff's real property to the defendant Hilltop Sport and Conservation, Inc. (hereinafter Hilltop). Hilltop failed to answer or appear in the action. By notice of motion dated October 5, 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against Hilltop. Hilltop opposed the motion and made an application for leave to serve a late answer, asserting, among other things, that it did not receive service of process and had no actual notice of the action until October 16, 2017, when it was informed of the action and default judgment motion by Lipschitz's wife. The Supreme Court granted the plaintiff's motion and, in effect, denied Hilltop's application. Hilltop thereafter moved, inter alia, for leave to renew its opposition to the plaintiff's motion for leave to enter a default judgment and its application for leave to serve a late answer. The Supreme Court, inter alia, denied the branch of the motion which was for leave to renew. Hilltop appeals.
"To defeat a facially adequate CPLR 3215 motion, and also to obtain leave to serve a late answer, a defendant who admits to having defaulted in the action must show that she has a reasonable excuse and a potentially meritorious defense to the action" (US Bank Nat. Assn. v Louis, 148 AD3d 758, 759; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Alternatively, "CPLR 317 permits a defendant who has been served with a summons other than by personal delivery' to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense'" (Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975, quoting CPLR 317; see Taieb v Hilton Hotels Corp., 60 NY2d 725; Villacis v City of New York, 170 AD3d 1243).
We agree with the Supreme Court's determination that, in opposition to the plaintiff's motion for leave to enter a default judgment, Hilltop did not demonstrate either a reasonable excuse for its failure to answer or appear in the action, or that it did not personally receive notice of the summons and complaint in time to defend the action. To meet those burdens, Hilltop merely offered a bare denial of receipt of the summons and complaint, which was insufficient to rebut the affidavit of the process server averring that he served the summons and complaint on Hilltop through the Secretary of State (see U.S. Bank Nat. Assn. v Mohamad Hasan, 126 AD3d 683, 684; Capital Source v AKO Med., P.C., 110 AD3d 1026). Hilltop did not indicate in its opposition whether or not the address on file with the Secretary of State at the time the summons and complaint was served was incorrect. Thus, we agree with the court's initial determination to grant the plaintiff's motion for leave to enter a default judgment and, in effect, deny Hilltop's application for leave to serve a late answer.
However, that branch of Hilltop's motion which was for leave to renew its opposition to the plaintiff's motion and its application for leave to serve a late answer should have been granted. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). In support of renewal, Hilltop submitted a letter, dated March 28, 2018, that it received from the Secretary of State advising that the envelope containing the subject summons and complaint had been returned to the Secretary of State with the notation "Attempted Unknown." This evidence, which Hilltop did not possess at the time of the prior motion and application, demonstrated that Hilltop did not receive actual notice of the summons and complaint in time to defend the action (see CPLR 317; Kircher v William Penn Life Ins. Co. of New York, 165 AD3d 1241, 1243; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Moreover, there is no basis in the record upon which to conclude that Hilltop was deliberately attempting to avoid service of process (see Kircher v William Penn Life Ins. Co. of New York, 165 AD3d at 1243; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Hilltop also met its burden of demonstrating the existence of a potentially meritorious defense to the action.
Accordingly, the Supreme Court should have granted that branch of Hilltop's motion which was for leave to renew its opposition to the plaintiff's motion for leave to enter a default [*3]judgment and its application for leave to serve a late answer, and, upon renewal, denied the plaintiff's motion and granted Hilltop's application (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65-66).
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court