Pascazi v Stormville 120, LLC (2020 NY Slip Op 03520)





Pascazi v Stormville 120, LLC


2020 NY Slip Op 03520


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-04496
 (Index No. 52630/17)

[*1]Kathleen M. Pascazi, appellant, 
v
Stormville 120, LLC, respondent, et al., defendants.


Pascazi Law Offices, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
Vincent J. Catalano, Jr., Poughkeepsie, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated April 5, 2018. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Stormville 120, LLC, granted that defendant's cross motion pursuant to CPLR 317 to vacate its default in appearing or answering the complaint and pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, and, in effect, granted that defendant's application to strike the amended complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the application of the defendant Stormville 120, LLC, to strike the amended complaint, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
On December 12, 2014, the plaintiff entered into a lease with the defendant Stormville Management Corp. (hereinafter Stormville Management) for the rental of a unit in a six-unit apartment complex. The lease indicated that the agreement was "made on Dec 12, 2014" and was in effect "[f]or the period beginning 12-15-14 AND ENDING 12-14-15 AT A TOTAL RENT of $16,800, [p]ayable in monthly installments of $1,400 [d]uring the first year of this agreement." The lease provided that "[i]f the tenant decides to stay after 12-14-15 [a]nd the landlord is in agreeance then the lease is automatically renewed without notice. The rent for the second year will be $ N/A at monthly installments of $ N/A. The rent for the third year will be $ N/A at monthly installments of $ N/A." In July 2016, Stormville Management sold the property to Stormville 120, LLC (hereinafter Stormville 120). The plaintiff continued to reside in the unit after December 14, 2015, and she continued to pay rent in the amount of $1,400 per month through September 2017.
On October 16, 2017, the plaintiff commenced this action against Stormville 120 and Stormville Management, among others. On November 2, 2017, Stormville 120 was served with the summons with notice via service on the New York Secretary of State pursuant to Limited Liability Company Law § 303(a). On the same day, Stormville 120 was also served with the summons with notice by first class mail at the same address that was on file with the New York Secretary of State. [*2]The plaintiff subsequently filed the complaint. Stormville 120 did not appear or answer the complaint.
On December 5, 2017, the plaintiff moved for leave to enter a default judgment against Stormville 120. Stormville 120 cross-moved pursuant to CPLR 317 to vacate its default in appearing or answering the complaint and pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it. On February 25, 2018, the plaintiff filed an amended complaint in which she asserted two new causes of action alleging common-law forgery and violations of the General Obligations Law. She did not seek leave of court to amend the complaint, and Stormville 120 made an application to strike the amended complaint.
In an order dated April 5, 2018, the Supreme Court denied the plaintiff's motion, granted Stormville 120's cross motion, and, in effect, granted Stormville 120's application to strike the amended complaint. The plaintiff appeals.
We agree with the Supreme Court's determination denying the plaintiff's motion for leave to enter a default judgment and granting Stormville 120's cross motion pursuant to CPLR 317 to vacate its default and pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it. CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Villacis v City of New York, 170 AD3d 1243, 1243-1244). Here, Stormville 120 demonstrated that it did not receive personal notice of the summons in time to defend, and that there was no evidence that it deliberately attempted to avoid notice of the action (see Villacis v City of New York, 170 AD3d at 1243-1244; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974).
Furthermore, Stormville 120 established the existence of a meritorious defense warranting dismissal of the complaint insofar as asserted against it pursuant to CPLR 3211(a)(1). A CPLR 3211(a)(1) motion may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88; Natoli v NYC Partnership Hous. Dev. Fund Co., Inc., 103 AD3d 611, 612). Here, the documentary evidence submitted by Stormville 120 included the lease. The plain language of the lease utterly refutes the plaintiff's allegations that the term of the lease was three years and that she was not obligated to pay any rent during years two and three of the lease. Thus, it conclusively establishes Stormville 120's defense as a matter of law (see Natoli v NYC Partnership Hous. Dev. Fund Co., Inc., 103 AD3d at 612).
We also agree with the Supreme Court's determination, in effect, granting Stormville 120's application to strike the amended complaint as untimely. Contrary to the plaintiff's contention, CPLR 3025(a) is inapplicable, because the plaintiff did not interpose the amended complaint within 20 days after the service of the original complaint, nor at any time before the period for responding to it expired, nor within 20 days after the service of a pleading responding to it. CPLR 3211(f) does not apply since the court granted Stormville 120's motion to dismiss the complaint, rendering it unnecessary for Stormville 120 to serve an answer (see Manko v Gabay, 175 AD3d 488, 489).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court