Leader v Steinway, Inc. (2020 NY Slip Op 04832)





Leader v Steinway, Inc.


2020 NY Slip Op 04832


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00995
 (Index No. 6433/16)

[*1]Mervin T. Leader, etc., appellant,
v
Steinway, Inc., et al., defendants, Action Electrical Contracting Co., Inc., respondent.


G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Law Offices of Cheng and Associates PLLC, Long Island City, NY (Pui Chi Cheng of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered November 28, 2018. The order, in effect, granted the motion of the defendant Action Electrical Contracting Co., Inc., pursuant to CPLR 317 to vacate its default in answering the complaint and for leave to serve an answer.
ORDERED that the order is affirmed, with costs.
The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for the wrongful death and conscious pain and suffering of the decedent resulting from an automobile accident that occurred in 2014. The complaint alleged that the decedent, a passenger in a vehicle traveling westbound on 19th Avenue near 37th Street in Queens, was killed when the vehicle plunged into a creek due to a missing or collapsed guardrail at the location. The complaint further alleged that the defendant Action Electrical Contracting Co., Inc. (hereinafter the defendant), made special use of the area where the accident occurred, thereby causing or contributing to the collapse of the guardrail.
On July 12, 2016, the plaintiff attempted to serve the defendant with the summons and complaint at 35-12 19th Avenue in Queens, and was informed that the company had moved. The plaintiff then made service upon the defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306. The defendant did not appear or answer the complaint, and, by order dated June 23, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant.
The defendant subsequently moved pursuant to CPLR 317 to vacate its default and for leave to serve an answer. The plaintiff opposed the motion. In an order entered November 28, 2018, the Supreme Court, in effect, granted the defendant's motion. The plaintiff appeals.
Pursuant to CPLR 317, a defendant who has been served with a summons other than by personal delivery but who has not appeared may be allowed to defend the action upon a finding [*2]that it did not personally receive notice of the summons and complaint in time to defend and that it has a potentially meritorious defense (see CPLR 317; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725). "[S]ervice on a corporation through delivery of process to the Secretary of State is not personal delivery' to the corporation" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142). A defendant moving pursuant to CPLR 317 to vacate a default need not establish a reasonable excuse for the delay in answering or appearing (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141-142). "Whether to grant relief pursuant to CPLR 317 is discretionary" (Stevens v Stepanski, 164 AD3d 935, 937).
In support of its motion, the defendant submitted the affidavit of Steve Spina, who averred, based on personal knowledge, that his father, Anthony Spina, was the chief executive officer and sole employee of the defendant and that, following his father's death in 2014, the defendant ceased doing business. He further averred that, due to his father's death, there was no one to receive service on behalf of the defendant at its former business address and that, in any event, the address on file with the Secretary of State was incorrect. Steve Spina further averred that neither the defendant nor his father had ever made use of or changes to the public roadway in question.
Here, the record supports the defendant's claim that it did not personally receive notice of the summons and complaint in time to defend the action, and there is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service (see Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d 1088; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). In addition, at this early stage of the litigation, the affidavit of Steve Spina was sufficient to establish the existence of a potentially meritorious defense to the action (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court