Selmon v B&H Dev. 1 Corp. (2022 NY Slip Op 04826)

Selmon v B&H Dev. 1 Corp.

2022 NY Slip Op 04826

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-03582
 (Index No. 506494/16)

[*1]Cynthia Selmon, et al., respondents, 
v
B & H Development 1 Corp., et al., defendants, Ralay Equities, LLC, appellant.

Joseph J. Haspel, PLLC, Middletown, NY, for appellant.
Law Offices of Noah Goldstein, P.C., Valley Stream, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 18, 2020. The order granted the motion of the defendant Ralay Equities, LLC, pursuant to CPLR 317, in effect, to vacate so much of an order of the same court dated October 23, 2017, as granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against it upon its failure to appear or answer the complaint, and to compel the plaintiffs to accept its late answer.
ORDERED that the order dated February 18, 2020, is affirmed, with costs.
The plaintiffs commenced this action to foreclose a mortgage on certain property owned by the defendant Ralay Equities, LLC (hereinafter Ralay). The plaintiffs served Ralay with process via the Secretary of State. Ralay did not answer the complaint or appear in the action. In an order dated October 23, 2017, the Supreme Court, inter alia, granted the plaintiffs' motion for leave to enter a default judgment against the defaulting defendants, including Ralay. In July 2019, Ralay moved pursuant to CPLR 317, in effect, to vacate so much of the October 23, 2017 order as granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against it, and to compel the plaintiffs to accept its late answer. Ralay asserted that it did not receive service of process and had no actual notice of this action until March 2019, when it learned of its existence in a separate tax lien foreclosure action. In an order dated February 18, 2020, the court granted Ralay's motion. The plaintiffs appeal.
Pursuant to CPLR 317, a defaulting defendant that was "served with a summons other than by personal delivery" may be allowed to defend the action upon a finding by the court that the defendant did not personally receive notice of the lawsuit in time to defend against the action and has a potentially meritorious defense (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1316; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d 1197; Booso v Tausik Bros., LLC, 148 AD3d 1108). The determination of a motion pursuant to CPLR 317 is addressed to the sound discretion of the trial court (see Leader v Steinway, Inc., 186 AD3d 1209, 1211; Dove v 143 Sch. St. Realty Corp., 172 AD3d at 1316; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d at 1198).
Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in granting Ralay's motion. Service of the summons and complaint in this action was made upon Ralay by delivering the pleadings to the Secretary of State (see Limited Liability Company Law § 303), which did not constitute personal delivery (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142). Ralay submitted evidence supporting its claim that it did not personally receive notice of the summons and complaint in time to defend the action (see Leader v Steinway, Inc., 186 AD3d at 1211; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d at 1198; Brickhouse Masonry, LLC v Windward Bldrs., Inc., 101 AD3d 919, 920). Further, there is no basis in the record to conclude that Ralay's failure to update its service address with the Secretary of State constituted a deliberate attempt to evade notice, and therefore, that failure did not preclude the granting of relief to it under CPLR 317 (see Leader v Steinway, Inc., 186 AD3d at 1211; Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d 664, 666; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d at 1198; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Moreover, Ralay set forth a potentially meritorious defense to the foreclosure action (see Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d at 1198). Accordingly, the court providently exercised its discretion in granting Ralay's motion.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court