Medical Supply of NY Corp. v Berkshire Hathaway Homestate Ins. Co. (2025 NY Slip Op 50504(U))

[*1]

Medical Supply of NY Corp. v Berkshire Hathaway Homestate Ins. Co.

2025 NY Slip Op 50504(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2023-1392 K C

Medical Supply of NY Corp., as Assignee of Christian Thomas, Appellant,
against
Berkshire Hathaway Homestate Ins. Co., Respondent. 

Kopelevich & Feldsherova, P.C. (Mikhail Kopelevich of counsel), for appellant.
Hardin, Kundla, McKeon & Poletto, P.A. (Ari Reiser of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Heela D. Capell, J.), dated July 12, 2023. The order, insofar as appealed from, granted the branch of defendant's motion seeking to vacate a judgment entered on September 12, 2019 upon defendant's failure to appear or answer the complaint and extended defendant's time to serve its answer.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits for medical supplies furnished to its assignor for injuries he sustained in a motor vehicle accident which occurred on May 9, 2018. Plaintiff served the summons and complaint on the New York State Department of Financial Services (DFS) on April 18, 2019, pursuant to Insurance Law § 1212, and filed its affidavit of service on May 3, 2019. Defendant received the summons and complaint from the DFS on June 3, 2019 via regular mail. It is undisputed that defendant's claims representative contacted plaintiff's counsel's office between June 12, 2019 and June 14, 2019, and defendant's counsel contacted plaintiff's counsel between June 27, 2019 and August 12, 2019, stating that plaintiff's assignor was acting within the scope of his employment at the time of the automobile accident and requesting that the lawsuit be voluntarily discontinued on the ground that the injuries were covered by workers' compensation insurance. In an email sent on June 28, 2019, plaintiff's counsel stated that she needed proof of these assertions, which defendant's counsel provided via email on July 10, 2019. Defense counsel served an answer on [*2]July 1, 2019 and filed it on July 2, 2019. A default judgment was entered against defendant on September 12, 2019. 
By notice of motion dated January 30, 2020, defendant moved to vacate the default judgment and, upon such vacatur, for summary judgment dismissing the complaint. Insofar as is relevant on appeal, defendant argued that the default judgment should be vacated, pursuant to CPLR 5015, as a timely answer had been served, and, in any event, defendant had a reasonable excuse for its delay in answering as well as a meritorious defense to the action. In support of its motion, defendant submitted the affidavits of its employees who averred that the summons and complaint was not received until June 3, 2019 and so the answer was timely. Any alleged delay in answering was due to the attempts of defendant's employee and defendant's counsel to obtain a voluntary discontinuance of the action. Defendant also submitted an affidavit by plaintiff's assignor's employment supervisor, in which the supervisor asserted that plaintiff's assignor was acting within the scope of his employment at the time of the automobile accident in which the assignor was injured. In opposition, plaintiff argued that defendant had not filed a timely answer and had otherwise failed to proffer a reasonable excuse for its delay in answering, and noted that plaintiff's assignor, in his no-fault benefits application, had denied that the accident occurred within the scope of his employment. By order dated July 12, 2023, the Civil Court (Heela D. Capell, J.) granted the branch of defendant's motion seeking to vacate the default judgment, finding that defendant had proffered a reasonable excuse for its delay in answering as well as a potentially meritorious defense, extended defendant's time to serve its answer, and implicitly denied the branch of defendant's motion seeking summary judgment dismissing the complaint. Plaintiff appeals from so much of the order as granted the branch of defendant's motion seeking to vacate the default judgment and extended defendant's time to serve an answer.
Defendant established its entitlement to vacate the default judgment under CPLR 317. Although defendant specifically moved pursuant to CPLR 5015, under the circumstances presented, its motion to vacate the default judgment was also governed by CPLR 317 (see Eugene Di Lorenzo, Inc. v. A.C. Dutton Lbr. Co., 67 NY2d 138, 142-143 [1986]; Kircher v William Penn Life Ins. Co. of NY, 165 AD3d 1241 [2018]). A defaulting defendant who was "served with a summons other than by personal delivery" may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (CPLR 317; see Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108 [2017]). "There is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay" (Kircher, 165 AD3d at 1243; Booso, 148 AD3d at 1108). Here, defendant established that it did not receive actual notice of the action until it received the summons and complaint from the DFS on June 3, 2019, and, thus, it did not have enough time to defend within the 30-day period set forth in CCA 402 (b). 
Defendant also demonstrated the existence of a potentially meritorious defense to the action, as the affidavits of defendant's employee and plaintiff's assignor's employment supervisor stated that plaintiff's assignor was acting within the scope of his employment at the time of the automobile accident in which he was injured, which would entitle him to workers' compensation benefits (see Mani Med., P.C. v American Tr. Ins. Co., 28 Misc 3d 127[A], 2010 NY Slip Op 51185[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, we find that the Civil Court did not improvidently exercise its discretion in granting the branch of defendant's [*3]motion seeking to vacate the default judgment.
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025