Golden Eagle Capital Corp. v Paramount Mgt. Corp. (2020 NY Slip Op 03770)





Golden Eagle Capital Corp. v Paramount Mgt. Corp.


2020 NY Slip Op 03770


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02744
 (Index No. 704720/14)

[*1]Golden Eagle Capital Corp., respondent, 
v
Paramount Management Corp., et al., defendants, Louis & Sons, Inc., appellant.


Bruno, Gerbino, Soriano & Aitken, LLP, Melville, NY (Nathan Shapiro of counsel), for appellant.
Einig & Bush LLP, New York, NY (Dan M. Rice of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Louis & Sons, Inc., appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated February 14, 2017. The order, insofar as appealed from, in effect, upon reargument, and upon vacating an order of the same court dated August 5, 2016, adhered to so much of a prior determination in an order of the same court dated January 22, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Louis & Sons, Inc., and denied that branch of that defendant's cross motion which was pursuant to CPLR 317 to vacate its default in appearing or answering the complaint.
ORDERED that the order dated February 14, 2017, is reversed insofar as appealed from, on the law and the facts, with costs, so much of the determination in the order dated January 22, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Louis & Sons, Inc., and denied that branch of that defendant's cross motion which was pursuant to CPLR 317 to vacate its default in appearing or answering the complaint is vacated, that branch of the plaintiff's motion is denied, and that branch of that defendant's cross motion is granted.
In July 2014, the plaintiff commenced this action against, among others, the defendant Louis & Sons, Inc. (hereinafter the defendant), to foreclose a mortgage on a condominium unit owned by the defendant (hereinafter the subject property). The plaintiff served the defendant with process via the Secretary of State on August 25, 2014. In June 2015, after the defendant failed to answer the complaint or appear in the action, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 317 to vacate its default in appearing or answering the complaint, asserting that it did not receive service of process and had no actual notice of the action until it received a copy of the plaintiff's motion papers, which were mailed to the subject property. In an order dated January 22, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denied the defendant's cross motion.
Thereafter, the defendant moved for leave to reargue its cross motion and its opposition to the plaintiff's motion. In an order dated August 5, 2016, the Supreme Court granted leave to reargue and, upon reargument, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against it on the ground that there was a prior action pending between the parties, inter alia, to foreclose the same mortgage (hereinafter the 2009 action).
The plaintiff subsequently moved, among other things, for leave to reargue its opposition to the defendant's reargument motion, asserting that the 2009 action was dismissed insofar as asserted against the defendant in July 2016. In an order dated February 14, 2017, the Supreme Court, inter alia, in effect, upon reargument, and upon vacating the order dated August 5, 2016, adhered to so much of its prior determination in the order dated January 22, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denied that branch of the defendant's cross motion which was pursuant to CPLR 317 to vacate its default. The defendant appeals.
As a threshold matter, we reject the plaintiff's contention that this Court should decline to exercise its discretion to review the issues raised on this appeal pursuant to Bray v Cox (38 NY2d 350; see Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 854-855).
" CPLR 317 provides, generally, that a defendant is entitled to vacatur of a default judgment if it is established that he [or she] did not receive personal notice of the summons in time to defend and that he [or she] has a meritorious defense'" (Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d 1088, 1088, quoting Stein v Matarasso & Co., 143 AD2d 825, 826). "It is also well established that service on a corporation through delivery of process to the Secretary of State is not personal delivery' to the corporation or to an agent designated under CPLR 318" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142). While it is not necessary for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay (see id. at 141; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630), a defendant is not entitled to relief under that statute where its failure to receive notice of the summons "was a result of a deliberate attempt to avoid such notice" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143).
Here, the defendant established its entitlement to relief from its default under CPLR 317 by demonstrating that the address on file with the Secretary of State at the time the summons and complaint were served was incorrect, and that it did not receive actual notice of the summons and complaint in time to defend itself against this action (see Argonne Post No. 71, Am. Legion, Inc. v Lipschitz, 175 AD3d 1366, 1368; Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d 1241, 1243; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Contrary to the plaintiff's contention, an order dated August 21, 2013, issued in connection with the 2009 action, which was mailed to the defendant at the subject property, did not place the defendant on notice that the address on file with the Secretary of State was incorrect (see Berardi Stone Setting, Inc. v Stonewall Contr. Corp., 170 AD3d 934, 936; Grosso v MTO Assoc. Ltd. Partnership, 12 AD3d 402, 403). In addition, the evidence does not suggest that the defendant's failure to update its address with the Secretary of State constituted a deliberate attempt to avoid service of process (see Argonne Post No. 71, Am. Legion, Inc. v Lipschitz, 175 AD3d at 1368; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d 1197, 1198; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Moreover, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (see Villacis v City of New York, 170 AD3d 1243; Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731; Grosso v MTO Assoc. Ltd. Partnership, 12 AD3d at 403).
Accordingly, the Supreme Court, in effect, upon reargument, and upon vacating the order dated August 5, 2016, should not have adhered to so much of the prior determination in the order dated January 22, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denied that branch of the defendant's cross motion which was pursuant to CPLR 317 to vacate its default in appearing or answering the complaint.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court