Quinones v Jonlek Assoc., LLC (2022 NY Slip Op 01333)





Quinones v Jonlek Assoc., LLC


2022 NY Slip Op 01333


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-07716
 (Index No. 59511/17)

[*1]Pura Quinones, appellant,
v
Jonlek Associates, LLC, respondent.


The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly, James P. Fitzgerald, Deborah Pearl Henkin, Alberto Casadevall, Daniel Sully, and Mitchell Gittin of counsel), for appellant.
Alan B. Brill & Associates, LLC (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Ashley Guarino], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 22, 2019. The order granted the defendant's motion pursuant to CPLR 317 to vacate (1) an order of the same court dated March 29, 2018, granting the plaintiff's motion for leave to enter a default judgment and directing an inquest on damages, and (2) a judgment of the same court dated October 4, 2018, which, upon the defendant's default in appearing at the inquest, is in favor of the plaintiff and against the defendant in the principal sum of $654,928, and for leave to serve and file a late answer.
ORDERED that the order dated May 22, 2019, is affirmed, with costs.
On November 28, 2015, the plaintiff, a tenant in an apartment building owned by the defendant, allegedly was injured when she slipped on a wet floor in the lobby of the building. The plaintiff commenced this action to recover damages for personal injuries against the defendant. The plaintiff purportedly effected service of the summons and complaint on the defendant by serving the Secretary of State on June 30, 2017, followed by a mailing to the defendant's last known address in White Plains. In January 2018, after the defendant failed to answer the complaint or appear in the action, the plaintiff moved for leave to enter a default judgment. In an order dated March 29, 2018,
the Supreme Court granted the plaintiff's motion, without opposition, and directed an inquest on damages. On July 17, 2018, the defendant failed to appear for the inquest. On October 4, 2018, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $654,928.
In January 2019, the defendant moved pursuant to CPLR 317 to vacate the March 29, 2018 order and the judgment, and for leave to serve and file a late answer. In an affirmation in support of the motion, James Cartelli, the defendant's designated agent for service of process, averred that he did not receive the summons and complaint, since those papers were sent to his former address in White Plains. Cartelli indicated that in early 2012, he relocated his office from the address in White Plains to a new address in Hartsdale. Cartelli also noted that the plaintiff's counsel sent a letter to the defendant at its principal place of business in Mount Vernon in May 2016, one year before the action was commenced.
In the order appealed from, dated May 22, 2019, the Supreme Court granted the defendant's motion pursuant to CPLR 317 to vacate the March 29, 2018 order and the judgment, and for leave to serve and file a late answer. The plaintiff appeals.
"To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a meritorious defense" (NYCTL 2015-A Trust v 731 Bergen, LLC, 172 AD3d 1391, 1392). Here, the defendant demonstrated that it did not receive actual notice of the summons and complaint in time to defend (see Villacis v City of New York, 170 AD3d 1243, 1243-1244). Further, there is no evidence in the record that the defendant deliberately attempted to avoid notice of the action, especially since the plaintiff had knowledge of the defendant's principal place of business (see Bing Fang Qui v Cameo Owners Corp., 172 AD3d 802, 804; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). In addition, the defendant demonstrated the existence of a potentially meritorious defense (see Leader v Steinway, Inc., 186 AD3d 1209, 1211; Bing Fang Qiu v Cameo Owners Corp., 172 AD3d at 804).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion to vacate the March 29, 2018 order and the judgment, and for leave to serve and file a late answer.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court