Schirmer v Piazza (2023 NY Slip Op 01206)

Schirmer v Piazza

2023 NY Slip Op 01206

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-00741
 (Index No. 512692/15)

[*1]Cynthia L. Schirmer, etc., appellant, 
v
Barbara Piazza, etc., et al., defendants, 81 Real Estate Corp., respondent.

Levy & Nau P.C., Brooklyn, NY (Roger A. Levy of counsel), for appellant.
Fong & Wong, P.C. (Law Office of Peter Sverd, PLLC, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside two deeds conveying real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated December 2, 2019. The order, insofar as appealed from, granted the motion of the defendant 81 Real Estate Corp. to vacate an order of the same court (Devin P. Cohen, J.) dated January 30, 2017, granting the plaintiff's motion for leave to enter a default judgment against that defendant.
ORDERED that the order dated December 2, 2019, is affirmed insofar as appealed from, with costs.
In October 2015, the plaintiff, as guardian of the property of Debra Piazza Shaefer (hereinafter Debra), commenced this action, inter alia, to set aside two deeds conveying certain real property located in Brooklyn and for partition of the property. Debra is the sister of the defendants Barbara Piazza, also known as Barbara Zingaropoli (hereinafter Barbara), and John Piazza, also known as John H. Piazza (hereinafter John). Debra, Barbara, and John are the only children of John F. Piazza (hereinafter the decedent), who died on December 20, 2012. The decedent owned the property at the time of his death.
In 2013, Barbara and John executed a deed, as sole surviving distributees of the decedent, conveying the property to themselves as joint tenants with rights of survivorship. In 2014, Barbara and John executed a deed conveying the property to the defendant 81 Real Estate Corp. (hereinafter 81 REC) for consideration in the sum of $980,000. 81 REC financed its purchase of the property with a loan in the sum of $445,000, secured by a mortgage on the property, from the defendant Melrose Credit Union. The plaintiff alleges that Barbara and John acted fraudulently in conveying the property without Debra's knowledge or consent.
On October 27, 2015, the plaintiff served 81 REC by delivering a copy of the summons and complaint to the Secretary of State pursuant to Business Corporation Law § 306. 81 REC did not appear or answer the complaint, and in October 2016, the plaintiff moved for leave to enter a default judgment against 81 REC. The plaintiff allegedly served additional copies of the summons and complaint on 81 REC pursuant to CPLR 3215(g)(4) by mailing those papers to an [*2]address different from that listed with the Department of State for service of process. The plaintiff also allegedly served its motion for leave to enter a default judgment on 81 REC by mailing the papers to the address where the additional copies of the summons and complaint were allegedly served pursuant to CPLR 3215(g)(4). In an order dated January 30, 2017, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against 81 REC.
In June 2019, 81 REC moved to vacate the order dated January 30, 2017, pursuant to CPLR 317 and 5015(a)(1). In support, 81 REC submitted an affidavit from its president, who stated that neither she nor 81 REC owned, resided at, maintained an office in, received mail at, or had anything to do with the property located at the address where the additional copies of the summons and complaint were allegedly served pursuant to CPLR 3215(g)(4) and the motion for leave to enter a default judgment was allegedly served. In an order dated December 2, 2019, the Supreme Court, inter alia, vacated the order dated January 30, 2017, pursuant to CPLR 317. The plaintiff appeals.
Pursuant to CPLR 317, a defaulting defendant that was "served with a summons other than by personal delivery" may be permitted to defend the action upon a finding that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725). "[S]ervice on a corporation through delivery of process to the Secretary of State is not 'personal delivery' to the corporation" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142; see Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d 1088, 1088). A defendant moving pursuant to CPLR 317 to vacate a default need not establish a reasonable excuse for the delay in answering or appearing (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141-142; Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d at 1088). "Whether to grant relief pursuant to CPLR 317 is discretionary" (Stevens v Stepanski, 164 AD3d 935, 937).
Here, the record supports 81 REC's claim that it did not personally receive notice of the summons and complaint in time to defend the action, and there is no basis in the record upon which to conclude that 81 REC was deliberately attempting to avoid service (see Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d 1088; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). In addition, 81 REC demonstrated the existence of a potentially meritorious defense to the action (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). Accordingly, the Supreme Court providently exercised its discretion in granting 81 REC's motion to vacate the order dated January 30, 2017.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court