Weinberger v Wild Orchid Flowers Corp. (2023 NY Slip Op 01916)

Weinberger v Wild Orchid Flowers Corp.

2023 NY Slip Op 01916

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-06888
 (Index No. 500224/19)

[*1]Leah Weinberger, appellant, 
v
Wild Orchid Flowers Corp., defendant, I.J. Empire, Inc., respondent.

Avrohom Becker (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Stephen J. Harfenist and Heather L. Smar of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated March 11, 2020. The order granted the motion of the defendant I.J. Empire, Inc., pursuant to CPLR 317 and 5015(a)(1) to vacate so much of a judgment of the same court dated September 10, 2019, as, upon an order of the same court dated May 7, 2019, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant I.J. Empire, Inc., and after an inquest on the issue of damages, was in favor of the plaintiff and against the defendant I.J. Empire, Inc., in the principal sum of $200,000, and for leave to serve a late answer.
ORDERED that the order dated March 11, 2020, is affirmed, with costs.
On October 31, 2018, the plaintiff allegedly was injured when she tripped and fell on a broken and defective sidewalk abutting commercial premises owned by an out-of-possession landlord, the defendant I.J. Empire, Inc. (hereinafter Empire), located in Brooklyn (hereinafter the subject premises). The subject premises were leased to and occupied by another commercial business. By summons and complaint dated January 3, 2019, the plaintiff commenced this action to recover damages for personal injuries against Empire, among others. On January 16, 2019, the plaintiff served the summons and complaint on Empire via the Secretary of State, followed by a mailing to Empire's address for service filed with the Secretary of State, which was listed as the subject premises. Empire failed to appear or answer the complaint. In March 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against Empire. In an order dated May 7, 2019, the Supreme Court granted the plaintiff's motion, without opposition, and directed an inquest on the issue of damages. On July 23, 2019, Empire failed to appear at the inquest. A judgment dated September 10, 2019, was entered, inter alia, in favor of the plaintiff and against Empire in the principal sum of $200,000.
In November 2019, Empire moved pursuant to CPLR 317 and 5015(a)(1) to vacate so much of the judgment as was in favor of the plaintiff and against it, and for leave to serve a late answer. In an order dated March 11, 2020, the Supreme Court granted Empire's motion. The plaintiff appeals.
"To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a meritorious defense" (Quinones v Jonlek Assoc., LLC, 203 AD3d 763, 765 [internal quotation marks omitted]).
Here, Empire demonstrated that it did not receive actual notice of the summons and complaint in time to defend itself in this action (see id. at 765; Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d 666, 666). Moreover, Empire met its burden of demonstrating the existence of a potentially meritorious defense (see Marinoff v Natty Realty Corp., 17 AD3d 412, 413), including lack of actual or constructive notice of the alleged sidewalk defect, and that the alleged defect was trivial and, therefore, not actionable (see Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621; Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 517-518; Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896).
The Supreme Court also providently exercised its discretion in determining that Empire was entitled to relief pursuant to CPLR 5015(a)(1). Empire established a reasonable excuse for its default and demonstrated the existence of a potentially meritorious defense, the plaintiff was not prejudiced by Empire's default, Empire's default was not willful or part of a pattern of neglect, and vacatur of Empire's default advanced the public policy of resolving actions on their merits (see id.; Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857-858; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1151).
Accordingly, the Supreme Court properly granted Empire's motion to vacate so much of the judgment as was in favor of the plaintiff and against it and for leave to serve a late answer.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court