Rafailova v Leading Ins. Group Ins. Co., Ltd. (2023 NY Slip Op 04433)

Rafailova v Leading Ins. Group Ins. Co., Ltd.

2023 NY Slip Op 04433

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03564
 (Index No. 519063/19)

[*1]Raisa Rafailova, respondent, 
v
Leading Insurance Group Insurance Co., Ltd., et al., defendants, Leading Insurance Services, Inc., et al., appellants.

Chartwell Law, New York, NY (Linda Fridegotto of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to Insurance Law § 3420 to recover the amount of an unsatisfied judgment in favor of the plaintiff and against 8610 Realty Corp., the insured of the defendants Leading Insurance Services, Inc., and KB Insurance Company, Ltd., the defendants Leading Insurance Services, Inc., and KB Insurance Company, Ltd., appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 9, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action pursuant to Insurance Law § 3420 insofar as asserted against the defendants Leading Insurance Services, Inc., and KB Insurance Company, Ltd., and denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the cause of action pursuant to Insurance Law § 3420 insofar as asserted against the defendants Leading Insurance Services, Inc., and KB Insurance Company, Ltd., is denied, and those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them is granted.
On June 16, 2012, the plaintiff allegedly sustained personal injuries when she fell in a building owned by 8610 Realty Corp., and leased and occupied by GNL Pharmacy Corp. The plaintiff commenced an action against GNL Pharmacy Corp. and 8610 Realty Corp. to recover damages for her personal injuries. 8610 Realty Corp. never appeared or interposed an answer in that action, and by order dated August 12, 2013, the Supreme Court granted the plaintiff's motion for a default judgment against 8610 Realty Corp. In 2015, in exchange for a payment of $150,000, the [*2]plaintiff signed a release discharging GNL Pharmacy Corp., Leading Insurance Group Insurance Co., Ltd., Leading Insurance Services, Inc., other entities, and their "servants, successors, heirs, executors, administrators, and all other persons, firms, corporations, associations or partnerships," from "all past, present and future claims, demands, damages, actions, third-party actions, causes of action or suits at law or in equity, including claims for contribution and or indemnity, of whatever nature and particularly on account of all injuries, known, both to person and property, which have resulted or may in the future develop from" the plaintiff's fall on June 16, 2012, at the subject property.
Thereafter, the plaintiff sought judgment in her favor against 8610 Realty Corp. based upon its failure to appear or interpose an answer in the personal injury action. In July 2018, after an inquest, the Supreme Court entered a judgment in favor of the plaintiff and against 8610 Realty Corp. in the sum of $362,878 (hereinafter the judgment). 8610 Realty Corp. thereafter moved pursuant to CPLR 5015 to vacate the order dated August 12, 2013, entered upon its default in appearing or interposing an answer, and the judgment. In support of the motion, 8610 Realty Corp. contended, inter alia, that, at the time of the plaintiff's alleged fall, both it and GNL Pharmacy Corp. had been insured under the same general liability policy by Leading Insurance Group Insurance Co., Ltd., and, due to law office error, the law firm assigned by that insurer to represent both insureds in the personal injury action had failed to interpose an answer on behalf of 8610 Realty Corp. The court denied the motion on the ground that 8610 Realty Corp. had failed to demonstrate a reasonable excuse for its default in appearing or interposing an answer.
The plaintiff commenced the instant action against Leading Insurance Services, Inc., and KB Insurance Company, Ltd. (hereinafter together the defendants), among others, inter alia, pursuant to Insurance Law § 3420 to recover the amount of the unsatisfied judgment in her favor and against 8610 Realty Corp. directly from the defendants as the insurers of 8610 Realty Corp. It is undisputed that KB Insurance Company, Ltd., was formerly named Leading Insurance Group Insurance Co., Ltd., and that, as such, KB Insurance Company, Ltd., is the same entity as Leading Insurance Group Insurance Co., Ltd. The plaintiff moved, inter alia, for summary judgment on the cause of action pursuant to Insurance Law § 3420 insofar as asserted against the defendants. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the 2015 release barred the plaintiff's claims. The Supreme Court granted that branch of the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Sharon v 398 Bond St., LLC, 169 AD3d 1079, 1080, quoting Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966, 967). A release that "is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (Alvarez v Amicucci, 82 AD3d 687, 688; see Miller v Brunner, 164 AD3d 1228, 1231). Where the release is unambiguous, "a court may not look to extrinsic evidence to determine the parties' intent" (Hoffmann v Horn, 157 AD3d 871, 873; see Koufakis v Siglag, 85 AD3d 872, 873).
Here, the release expressly discharged both Leading Insurance Services, Inc., as well as Leading Insurance Group Insurance Company, Ltd., which is undisputed to be the same entity as the defendant KB Insurance Company, Ltd., from any liability for claims resulting from the June 16, 2012, accident. Contrary to the plaintiff's contention, the fact that the release is silent as to 8610 Realty Corp. and silent with regard to the plaintiff's ability to pursue remedies under Insurance Law § 3420 does not remove the instant action from the broad set of "all past, present, and future claims" against the insurers that are encompassed by the release. If the release was intended to exclude a [*3]certain type of claim or action, such as an action pursuant to Insurance Law § 3420, it could have so provided (see generally Matter of Mercer, 141 AD3d 594, 597; Coppola v WE Mag., 268 AD2d 303, 304).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action pursuant to Insurance Law § 3420 insofar as asserted against the defendants, and should have granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court