Borohov v Queens Fresh Meadows, LLC (2024 NY Slip Op 01167)

Borohov v Queens Fresh Meadows, LLC

2024 NY Slip Op 01167

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-02453
 (Index No. 713988/16)

[*1]David Borohov, respondent, 
v
Queens Fresh Meadows, LLC, appellant.

Meister Seelig & Fein, LLP, New York, NY (Howard S. Koh and Leah A. Henry of counsel), for appellant.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert I. Cohen and Charles Haviv of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), dated March 24, 2022. The order denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate a judgment of the same court (Maureen A. Healy, J.), entered January 8, 2021, which, upon an order of the same court (Thomas D. Raffaele, J.), dated October 18, 2017, granting the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $280,000.
ORDERED that the order dated March 24, 2022, is affirmed, with costs.
The plaintiff allegedly was injured when he fell on the exterior stairway of a building owned by the defendant. By summons and complaint dated November 21, 2016, the plaintiff commenced this action to recover damages for personal injuries against the defendant. On December 2, 2016, the plaintiff served the defendant pursuant to Limited Liability Company Law § 303 by delivery of copies of the summons and complaint to the Secretary of State. The defendant failed to appear or answer the complaint, and on July 12, 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. In an order dated October 18, 2017, the Supreme Court granted the plaintiff's motion, without opposition, and directed an inquest on the issue of damages. On January 8, 2021, following an inquest, judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $280,000.
In June 2021, the defendant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment. In an order dated March 24, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 317, a party that was not personally served may defend against an action if it demonstrates that it did not have notice of the action and that it has a meritorious defense (see Weinberger v Wild Orchid Flowers Corp., 215 AD3d 785, 786; Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d 664, 666; Berardi Stone Setting, Inc. v Stonewall Contr. Corp., 170 AD3d 934, 935). Service upon a corporation through delivery of the summons and complaint to the Secretary of State is not "personal delivery" to the corporation (Schirmer v Piazza, 214 AD3d 749, 751; see Berardi Stone Setting, Inc. v Stonewall Contr. Corp., 170 AD3d at 936; Acqua Capital, [*2]LLC v 510 W. Boston Post Rd, LLC, 164 AD3d 1195, 1196). Further, the record does not demonstrate that the defendant deliberately attempted to avoid notice of this action (see Quinones v Jonlek Assoc., LLC, 203 AD3d 763, 765; Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d at 666; Wise v Classon Vil., L.P., 172 AD3d 1444 1445-1446).
However, the defendant was not entitled to relief pursuant to CPLR 317 because the defendant failed to demonstrate that it has a potentially meritorious defense. In its submissions, the defendant failed to establish when the stairway was last inspected and that, as a result, it did not have constructive notice of the alleged defect (see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 939).
Likewise, the defendant's failure to raise a potentially meritorious defense precludes the defendant from obtaining relief pursuant to CPLR 5015(a)(1), which requires a defendant seeking vacatur of a judgment to establish "a reasonable excuse for the default and [the existence of] a potentially meritorious defense" (Singh v Sukhu, 180 AD3d 837, 839; see Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 175 AD3d 1569, 1571 [internal quotation marks omitted]). Moreover, the defendant failed to proffer a reasonable excuse for its failure to appear in this action or to answer the complaint, as it did not provide an adequate reason for its failure to update the Secretary of State with its correct address for several years (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317; Wise v Classon Vil., L.P., 172 AD3d at 1446; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d at 938). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 317 and CPLR 5015(a)(1) to vacate the judgment.
While a court has the "'inherent power to set aside excessive awards made upon default,'" despite the defendant being precluded from relief pursuant to CPLR 317 and 5015(a)(1) (Loeffler v Glasgow, 169 AD3d 1024, 1025, quoting Bajwa v Saida, Inc., 6 AD3d 471, 473), the defendant's contention that the award is excessive is improperly raised for the first time on appeal (see e.g. Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954, 955; KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 712-713).
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court