Galatro v Lake Pointe Owners, Inc. (2024 NY Slip Op 04375)

Galatro v Lake Pointe Owners, Inc.

2024 NY Slip Op 04375

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-06954
 (Index No. 618791/16)

[*1]Edward Galatro, respondent, 
v
Lake Pointe Owners, Inc., appellant.

Litchfield Cavo LLP, New York, NY (Michael K. Dvorkin of counsel), for appellant.
Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for respondent.

DECISION & ORDER
In an action for declaratory relief and to recover damages for constructive eviction, the defendant appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered August 19, 2022. The order denied the defendant's motion (1) to vacate an order of the same court dated August 6, 2018, inter alia, granting the plaintiff's unopposed motion, among other things, for leave to enter a default judgment against the defendant, an order of the same court dated November 27, 2019, amending the order dated August 6, 2018, and a judgment of the same court entered January 8, 2020, which, upon the orders dated August 6, 2018, and November 27, 2019, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $36,127.24, and (2) to compel the plaintiff to accept its late answer.
ORDERED that the order entered August 19, 2022, is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion to vacate the orders dated August 6, 2018, and November 27, 2019, and the judgment, and to compel the plaintiff to accept its late answer is granted.
In 2013, the plaintiff entered into a proprietary lease for a cooperative apartment unit and obtained shares in the defendant cooperative corporation. In July 2014, the plaintiff allegedly became aware of water intrusion into his unit, and in 2015, he commenced an action against the defendant to recover damages related to that condition (hereinafter the 2015 action). The 2015 action was settled, and the parties executed a general release on March 31, 2017.
Meanwhile, in November 2016, the plaintiff commenced this action for declaratory relief related to his allotment of shares and to recover damages for constructive eviction in the form of reimbursement of rent due to the water intrusion allegedly occurring in 2014. The plaintiff served the defendant pursuant to Business Corporation Law § 306 by delivering copies of the summons and complaint to the Secretary of State. The defendant failed to appear or answer the complaint.
The plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. In an order dated August 6, 2018, which was amended by an order dated November 27, 2019, the Supreme Court, among other things, granted the plaintiff's unopposed motion and directed an inquest on the issue of damages. On January 8, 2020, following an inquest, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $36,127.24.
The defendant subsequently moved pursuant to CPLR 317 or, alternatively, pursuant to CPLR 5015(a) to vacate the orders dated August 6, 2018, and November 27, 2019, and the [*2]judgment and to compel the plaintiff to accept its late answer. In an order entered August 19, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 317, a party that was not personally served may defend against an action if it demonstrates that it did not have notice of the action in time to defend and that it has a meritorious defense (see Borohov v Queens Fresh Meadows, LLC, 225 AD3d 581; Weinberger v Wild Orchid Flowers Corp., 215 AD3d 785, 786). "Service upon a corporation through delivery of the summons and complaint to the Secretary of State is not 'personal delivery' to the corporation" (Borohov v Queens Fresh Meadows, LLC, 225 AD3d 581, quoting Schirmer v Piazza, 214 AD3d 749, 751).
Here, the defendant established its entitlement to relief from its default under CPLR 317 by demonstrating that the address on file with the Secretary of State at the time the summons and complaint were served was incorrect and, consequently, that it did not receive actual notice of the action in time to defend itself (see Quinones v Jonlek Assoc., LLC, 203 AD3d 763, 765; Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d 664, 666). Further, "the evidence does not suggest that the defendant's failure to update its address with the Secretary of State constituted a deliberate attempt to avoid service of process" (Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d at 666), and there is some evidence in the record suggesting that the plaintiff had knowledge of the defendant's actual business address (see Quinones v Jonlek Assoc., LLC, 203 AD3d at 765).
In addition, the defendant demonstrated the existence of potentially meritorious defenses to the causes of action, including, among other things, a defense based upon the general release that terminated the 2015 action (see generally Anthony v Firehock, 225 AD3d 655; Rafailova v Leading Ins. Group Ins. Co., Ltd., 219 AD3d 907).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court